Honorable Everett A. Kelly Chairman
QUESTION:
1. May a local governmental entity require state certified contractors to maintain a licensed individual (either a journeyman or another contractor) on each job site to supervise unlicensed workers?
2. Assuming a positive response to Question One, may the local authority take action against a state certified contractor who fails to comply with the regulations in question?
3. May a local governmental entity incorporate the types of requirements in question into their building code?
SUMMARY:
1. A local authority may require a state certified contractor to maintain a licensed individual on the job site to supervise unlicensed individuals when the requirement is found in the building code rather than imposed as a licensing requirement.
2. A local authority may take action against a state certified contractor for violating requirements such as those posed in Question One only if these requirements are incorporated into the local building code. Action taken by the local authority under such conditions is limited only to the contractor's ability to obtain permits.
3. A local authority may adopt a building code equal to or more stringent than the three codes specified in Ch. 553, F.S. The inclusion of the requirement proposed here would only enhance the code and is, therefore, permitted.
It is well established that local authorities are empowered to establish licensing criteria for the employees of a contractor whether said contractor is state certified or registered.[1]
Your question is whether the local authority can mandate the use of such licensed individuals by state certified contractors in light of the provisions of ss. 489.129[2]
and 489.113(4), F.S.
Section 489.129, F.S., vests in the State Construction Industry Licensing Board exclusive authority to discipline state certified contractors by way of fine, reprimand, probation, or the suspension and revocation of the state issued license.[3]
Section 489.113(4), F.S., in part, states:
 When a certificateholder desires to engage in contracting in any area of the state, as a prerequisite therefor, he shall be required only to exhibit to the local building official, tax collector, or other person in charge of the issuance of licenses and building permits in the area evidence of holding a current certificate and to pay the fee for the occupational license and building permit required of other persons.[4] (e.s.)
It is apparent form review of these statutory provisions that the only criteria a local authority may impose upon a state certified contractor prior to the issuance of a building permit are proof of certification and the payment of the appropriate fees. Other conditions for issuance of a permit to a state certified contractor are prohibited with two exceptions.
Section 489.113(4), F.S., reveals that a local authority
may deny the issuance of a building permit to a certified contractor, or issue a permit with specific conditions, if the local construction regulation board has found such contractor, through the public hearing process, to be guilty of fraud or a willful building code violation within the county or municipality that the local construction regulation board represents or if the local construction regulation board has proof that such contractor, through the public hearing process, has been found guilty in another county or municipality within the past 12 months, of fraud or a willful building code violation and finds, after providing notice to the contractor, that such fraud or violation would have been fraud or a violation if committed in the county or municipality that the local construction board represents.
This office has concluded that the above referenced statutory provisions prohibit local authorities from taking any of the disciplinary actions described ins. 489.129, F.S., against a state certified contractor.[5] Nevertheless, local authorities may refuse to issue building permits tho those state certified contractors who are found to have willfully committed a building code violation or have engaged in fraud pursuant to s. 489.113(4), F.S.
If such requirements are incorporated into the building code utilized by the local authority, a willful failure to comply with such conditions by the state certified contractor could lead to the local authority's legitimate refusal to issue new building permits or to said authority revoking or suspending those permits previously issued.
As for your inquiry as to the possibility of a legal impediment to the incorporation of journeyman requirements into a local building code, I am unaware of any prohibition to such an action. Section553.73, F.S., establishes minimum building codes to be utilized statewide and, as with all minimum standards, an option is provided for enhanced regulation. A review of Ch. 553, F.S., fails to establish a limitation as to the scope of a building code, save for a prohibition against the inclusion of housing codes into same. It has previously been opined by this office that a local government may include provisions regarding the tenure of building officials in a local building code.[6] It, therefore, follows that topics such as those in question here are sufficiently germane to be included in such a code.
As the statutory provisions in both Parts I and II of Ch. 489, F.S., are similar with respect to the questions presented here, please note that those comments and opinions expressed apply to all licensing categories referenced in both parts of said chapter.
[1] See, AGO's 79-112 and 90-73.
[2] Section 489.129, F.S., was amended by s. 24, ch. 90-109 and s. 40, Ch. 90-228, Laws of Florida
[3] See, AGO 90-73.
[4] Section 489.105(7), F.S., defines "Certificate" as "a certificate of competency issued by the department as provided in this part." Section 489.105(8), F.S., defines "Certified contractor" as "any contractor who possesses a certificate of competency issued by the department and who shall be allowed to contract in any jurisdiction in the state without being required to fulfill the competency requirements of that jurisdiction." Section 489.105(2), F.S., defines "Department" as "the Department of Professional Regulation."
[5] See, AGO 90-73.
[6] See, AGO 79-21.